# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                          )
ELVENIA A. LATSON,                        )
                                          )
                 Plaintiff,               )
                                          )
        v.                                )        Civil Action No. 16-1488 (RBW)
                                          )
JEFFERSON B. SESSIONS, Attorney General of )
the United States,[1]                     )
                                          )
                 Defendant.               )
_____)

## MEMORANDUM OPINION

The pro se plaintiff, Elvenia A. Latson, brings this civil action against the defendant,

Jefferson B. Sessions, in his official capacity as the Attorney General of the United States

Department of Justice ("DOJ"), alleging that the Bureau of Alcohol, Tobacco, Firearms and

Explosives (the "Bureau") unlawfully discriminated against her based on her race, gender, and

age, and retaliated against her due to her pursuit of earlier statutorily protected activity, in

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e- to 2000-e-17 (2012)

("Title VII"), the Civil Rights Act of 1991, 42 U.S.C. § 1981 ("§ 1981"), and the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a (2012).[2]  See Complaint

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Jefferson B. Sessions has been automatically substituted as the defendant in this matter.

[2] Although the plaintiff does not explicitly cite the ADEA, the Court will construe the plaintiff's allegation of age discrimination as pursued under the ADEA, given that age is not a protected class under either Title VII or § 1981. See Atherton v. D.C. Office of Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009) ("'A pro se complaint,' such as [the plaintiff's], 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007))).  The plaintiff also alleges a violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791, see Compl. ¶ 1, which proscribes discrimination based on a disability, see Ward v. McDonald, 762 F.3d 24, 28 (D.C. Cir. 2014) ("[The Act's] basic tenet is that the Government must take reasonable affirmative steps to accommodate [people with disabilities]." (quoting Barth v. Gelb, 2 F.3d 1180, 1183 (D.C. Cir. 1993))).  The plaintiff, however, does not allege any discrimination based on a disability, or even mention the word "disability"

(continued . . . )

("Compl.") ¶¶ 1, 5.  Currently before the Court is the Defendant's Motion to Dismiss ("Def.'s Mot.").  Upon careful consideration of the parties' submissions,[3] the Court concludes for the following reasons that it must grant in part and deny in part the defendant's motion.

## I.     BACKGROUND

The plaintiff, an African-American woman, is a Bureau employee, see Def.'s Mot., Exhibit ("Ex.") A (Order Denying In Forma Pauperis Request ("IFP Order") at 3 (Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Appl.") at 1 (listing the Bureau as the plaintiff's current employer), who has held the title of Industry Operations Investigator since September 18, 2007, Compl. ¶ 10.  The plaintiff applied but was not selected for four different Bureau positions between September and December 2013: (1) Supervisory Industry Operations Investigator in Dallas, Texas; (2) Supervisory Industry Operations Investigator in Fort Worth, Texas; (3) Firearms Enforcement Specialist in Washington, D.C.; and (4) Acting Area Supervisor in Tampa, Florida.  Id. ¶¶ 11–14.  The Bureau also denied the plaintiff's request to participate in Industry Operations Investigator interviews in January 2014.  Id. ¶¶ 11, 17.  On December 17, 2013, the plaintiff filed a complaint with the Bureau's Equal Employment Opportunity ("EEO") office, alleging discrimination based on race, gender, age, as well as a claim of retaliation.  Id. ¶ 6.  Following an investigation, the matter was assigned to an Equal Employment Opportunity Commission ("EEOC") administrative law judge, "who issued a

_____

( . . . continued)
anywhere in her Complaint, unlike her specific allegations of retaliation and discrimination based on her race, gender, and age.  See generally Compl.  Accordingly, the Court concludes that the plaintiff is not pursuing a claim under the Rehabilitation Act.

[3] In addition to the filings previously identified, the Court considered the following submissions in reaching its decision: (1) the Memorandum of Points and Authorities in Support of Motion to Dismiss for Failure to State a Claim; (2) the Plaintiff's Response to the Defendant's Motion to Dismiss and Memorandum of Points and Authorities in Support of Motion to Dismiss for Failure to State a Claim ("Pl.'s Opp'n"); and (3) the Defendant's Reply in Support of Motion to Dismiss ("Def.'s Reply").

Decision . . . in favor of the [Bureau] on January 20, 2016." Id. ¶ 7. The DOJ issued its final

agency decision affirming the EEOC's decision on March 10, 2016, which the plaintiff received

on March 16, 2016. Id. ¶ 8; see also id., Ex. 9 at 4–8 (Department of Justice Final Order).

On June 8, 2016, the plaintiff filed in this Court a civil cover sheet, with no complaint

attached. See Pl.'s Opp'n, Ex. A (Civil Cover Sheet) at 1–2 (indicating an "employment

discrimination" cause of action). On June 23, 2016, the Clerk of the Court received the

plaintiff's application to proceed in forma pauperis, see Def.'s Mot., Ex. A (IFP Order) at 3 (IFP

Appl.) at 1 (displaying a "received" date stamp of June 23, 2016, on the IFP application), along

with her pro se Complaint, id., Ex. A (IFP Order) at 5 (Complaint attached to IFP application

("IFP Compl.")) at 1 (displaying a "received" date stamp of June 23, 2016, on the IFP

Complaint). The plaintiff signed her IFP application on June 6, 2016, see id., Ex. A (IFP Order)

at 3 (IFP Appl.) at 2, but did not sign the Complaint she attached to her IFP application until

June 20, 2016, see id., Ex. A (IFP Order) at 5 (Complaint attached to IFP application ("IFP

Compl.")) at 16. The IFP application was subsequently denied on June 30, 2016. See id., Ex. A

(IFP Order) at 2. The plaintiff then filed her signed Complaint with the requisite filing fee on

July 18, 2016. See Compl. at 1.

## II.    STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, to survive a motion to dismiss for

"failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), the

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Although the Court "must treat the complaint's factual allegations as true [and] must grant [the] plaintiff the benefit of all reasonable inferences from the facts alleged," Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (first alteration in original) (citation omitted), legal allegations devoid of factual support are not entitled to this assumption, see, e.g., Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Moreover, a plaintiff must provide more than "a formulaic recitation of the elements of a cause of action." Hinson ex rel. N.H. v. Merritt Educ. Ctr., 521 F. Supp. 2d 22, 27 (D.D.C. 2007) (quoting Twombly, 550 U.S. at 555). "In determining whether a complaint states a claim, the court may consider the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice." Abhe & Svoboda, Inc. v. Chao, 508 F.3d 1052, 1059 (D.C. Cir. 2007) (citation omitted). Although filings by a pro se litigant "must be held to less stringent standards than [those] drafted by lawyers," Atherton v. D.C. Office of Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009), this latitude "does not constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure," Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993) (citation omitted).

## III.    ANALYSIS

### A.    The Statute of Limitations Applicable to Title VII and the ADEA

The defendant moves to dismiss the Complaint in its entirety, arguing that the plaintiff failed to timely assert her claims. See Def.'s Mem. at 1. Specifically, the defendant argues that, based on the date that the plaintiff received notice of the DOJ's final agency decision, she "had ninety days[, or] until June 14, 2016, to file her federal lawsuit. [The p]laintiff, however, did not

file her complaint until July 18, 2016, more than [thirty] days too late." Id. at 2. The Court

agrees with the defendant that the plaintiff failed to timely file her Title VII and ADEA claims.

Title VII specifies that "[w]ithin [ninety] days of receipt of notice of final action taken by

a department, agency, or unit . . . , an employee or applicant for employment, if aggrieved by the

final disposition of his complaint, . . . may file a civil action." 42 U.S.C. § 2000e-16(c). Thus, a

litigant pursuing a Title VII claim has ninety days after receiving notice of a final agency

decision to file his or her claim. See id. As for the ADEA, even though it "lacks an express

statutory provision on the [statute of limitations] issue," Price v. Bernanke, 470 F.3d 384, 386

(D.C. Cir. 2006); see generally 29 U.S.C. § 633a, the District of Columbia Circuit has held that

Title VII's ninety-day statute of limitations period also applies to ADEA claims, see Price, 470

F.3d at 389 ("Accordingly, we hold that when federal employees bring a civil action after

pursuing administrative remedies under the ADEA, the action must be brought within [ninety]

days of the final agency action, the time period allowed for similar suits under Title VII.").

"[C]ourts have strictly construed the [ninety]-day statute of limitations in Title VII cases, even

where the plaintiff is proceeding pro se," Ruiz v. Vilsack, 763 F. Supp. 2d 168, 173 (D.D.C.

2011), and "[p]rocedural requirements established by Congress for gaining access to the federal

courts are not to be disregarded by courts out of a vague sympathy for the particular [pro se]

litigant[]," Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984). In this case, the

plaintiff received notice of the DOJ's final agency decision on March 16, 2016. See Compl. ¶ 8.

Therefore, she had ninety days, or until June 14, 2016, to file her Complaint. See § 2000e-16(c).

The plaintiff argues that she "filed the Claim/Complaint prior to June 8, 2016[,] and the

complaint was received . . . and stamped [on] June []8, 2016." Pl.'s Opp'n at 3 (internal citations

omitted). As support for her position, the plaintiff relies on two exhibits, id., which are a civil

cover sheet with a time stamp of June 8, 2016, see id., Ex. A (Civil Cover Sheet) at 1, and a complaint that contains an illegible time stamp, see id., Ex. C (Complaint) at 1, but was signed by the plaintiff on June 20, 2016, see id., Ex. C (Complaint) at 16.

The plaintiff clearly filed a civil cover sheet on June 8, 2016, see id., Ex. A (Civil Cover Sheet) at 1–2, prior to the expiration of the statute of limitations period on June 14, 2016. The plaintiff provides no evidence, however, that she attached a complaint to that civil cover sheet, or that the Clerk of the Court opened a case as a result of the filing of that civil cover sheet. See id., Ex. A (Civil Cover Sheet) (filed without a complaint). A civil cover sheet filed alone is insufficient to satisfy the requirement of notice pleading, see Fed. R. Civ. P. 8(a), because, even though pleadings by pro se litigants must be liberally construed, see Atherton, 567 F.3d at 681–82, a plaintiff must still "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Erickson v. Pardus, 551 U.S. 89, 93 (2007) (omission in original) (quoting Twombly, 550 U.S. at 555); see also Moore, 994 F.2d at 876 ("[Latitude given to pro se litigants] does not constitute license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure."). The civil cover sheet itself states that it is not a substitute for a complaint, but merely serves as an attachment that aids the Clerk of the Court in assigning the case once a complaint is filed. See Pl.'s Opp'n, Ex. A (Civil Cover Sheet) at 2 ("The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law . . . . Consequently, a civil cover sheet is submitted to the Clerk of the Court for each civil complaint filed."); see also United States District Court for the District of Columbia, Clerk's Office General Information & Civil Filing Procedures 6 (2016) ("Each new civil action is assigned using our automated case assignment system. For the new case clerk to complete the assignment, you must be sure to select the appropriate case

category on the Civil Cover Sheet.").  Therefore, the plaintiff did not file a complaint prior to the expiration of the Title VII and ADEA statute of limitations period on June 14, 2016.

In regards to the complaint that the plaintiff attached to her opposition to the defendant's motion to dismiss, that complaint has an illegible time stamp, see Pl.'s Opp'n, Ex. C (Complaint) at 1, and was not signed by the plaintiff until June 20, 2016, see id., Ex. C (Complaint) at 16. Because that complaint could not possibly have been filed prior to the date that it was signed, the Court must conclude that the plaintiff did not file any complaint prior to the expiration of the statute of limitations on June 14, 2016.

Finally, the plaintiff's IFP application does not render her Title VII and ADEA claims timely.  Although "the filing of a complaint along with an IFP application [ ] tolls the ninety-day period of limitations . . . during the Court's review of the IFP application," Ruiz, 763 F. Supp. 2d at 172 (citations and internal quotation marks omitted), the plaintiff did not file her IFP application and the attached complaint until June 23, 2016, after the statute of limitations period had already expired.  See Def.'s Mot., Ex. A (IFP Order) at 3 (IFP Appl.) at 1–2 (displaying a "received" date stamp of June 23, 2016, on the IFP application, which was signed June 6, 2016); id., Ex. A (IFP Order) at 5 (IFP Compl.) at 1, 16 (displaying a "received" date stamp of June 23, 2016, on the IFP Complaint, which was signed June 20, 2016).  Therefore, the complaint submitted with the IFP application was not timely filed to allow for tolling while the Court considered the plaintiff's IFP application.[4]  Because the only document filed before the statute of

---

[4] The Court agrees with the defendant, see Def.'s Mem. at 5, that even if the "received" stamp on the plaintiff's IFP application is erroneous, and the IFP application was actually filed on June 6, 2016, the date that it was signed, the attached complaint could not possibly have been filed before it was signed on June 20, 2016, and that a complaint must accompany an IFP application to toll the statute of limitations.  See Ruiz, 763 F. Supp. 2d at 172; see also Washington v. White, 231 F. Supp. 2d 71, 75 (D.D.C. 2002) (Walton, J.) (defining the tolling period as beginning at "the time a complaint and an application to proceed in forma pauperis are received by the Court") (emphasis added)).

limitations period expired was the civil cover sheet, without an attached complaint, the plaintiff did not timely file her Title VII and ADEA claims.

**B.    Equitable Tolling**

The statute of limitations period for Title VII and ADEA claims is non-jurisdictional, and therefore, the "timely filing requirement is subject to equitable tolling, even in suits against the government." McGary v. Hessler-Radelet, 156 F. Supp. 3d 28, 33 (D.D.C. 2016) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95 (1990)).  However, "[t]he court's equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumscribed instances," Mondy v. Sec'y of the Army, 845 F.2d 1051, 1057 (D.C. Cir. 1988), such as where

> a claimant has received inadequate notice, . . . where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, . . . where the court has led the plaintiff to believe that she had done everything required of her, . . . [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction,

Baldwin Cty. Welcome Ctr., 466 U.S. at 151.  Equitable tolling also may be appropriate where a pro se plaintiff has exercised due diligence in attempting to file her claim in a timely manner, or the late filing was purely a result of court administrative delay.  See Williams v. Ct. Servs. & Offender Supervision Agency for D.C., 840 F. Supp. 2d 192, 197 (D.D.C. 2012) (finding that the pro se plaintiff "diligently pursued his claim" by "refil[ing] his complaint within three or four days of receiving notice" that his IFP motion had been denied "by contacting—on his own accord—the Clerk's Office to check on the status of his motion").  The Supreme Court has made clear, however, that "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." Irwin, 498 U.S. at 458.  And the plaintiff bears the burden of demonstrating a basis for equitable tolling.  See McAlister v. Potter, 733 F. Supp. 2d

134, 143–44 (D.D.C. 2010) (finding that equitable considerations were not applicable because the plaintiff failed to explain or raise an excuse for her late filing).

Members of this Court have consistently held that, where the plaintiff does not explain her untimely filing, the Court need not address equitable considerations.  See Horsey v. Harris, 953 F. Supp. 2d 203, 211 (D.D.C. 2013) (finding that equitable tolling did not apply because there was no explanation asserted by the pro se plaintiff for her untimely filing); Brown v. Vilsack, 866 F. Supp. 2d 23, 27 (D.D.C. 2012) ("Absent any showing by [the pro se] plaintiff that [the] tolling of the limitations period is warranted, the filing of the instant complaint is untimely . . . ."); Miller v. Rosenker, 567 F. Supp. 2d 158, 161–62 (D.D.C. 2008) (declining to apply equitable tolling because the pro se plaintiff "failed to meet his burden to c[o]me forward with any evidence showing [an appropriate situation for the application of equitable tolling]").

Turner v. Shinseki illustrates an exception to this general rule.  See 824 F. Supp. 2d 99 (D.D.C. 2011) (Walton, J.).  In that case, the pro se plaintiff timely filed a complaint, id. at 111, that was deemed "deficient due to the plaintiff's failure to properly name all parties in the caption, properly sign the Complaint, submit the requisite number of copies, and use the correct civil cover sheet," id. at 108.  The plaintiff then re-filed the corrected complaint after the statute of limitations period ended.  See id.  This Court ruled that, despite the plaintiff's failure to raise the issue of equitable tolling, equitable tolling was warranted because, "[u]nlike a party who has missed the deadline based on the failure to exercise due diligence to preserve his legal rights, . . . the plaintiff here was apparently aware of the deadline and sought to initiate a civil case within the allotted time period."  Id. at 111–12.  Therefore, this Court applied equitable tolling principles to conclude that the plaintiff timely filed his claims.  Id. at 111.

Unlike the plaintiff in Turner, the plaintiff in this case failed to file a complaint within the statute of limitations period, and thus, she did not "exercise due diligence to preserve [her] legal rights." Id. Therefore, this situation is more analogous to the "garden variety claim of excusable neglect" described in Irwin. See 498 U.S. at 458. Moreover, the plaintiff has not raised the issue of equitable tolling or explained why her complaint was filed late. See generally Pl.'s Opp'n. To the contrary, she maintains that her complaint was timely filed. See id. at 3. Therefore, the Court concludes that this case does not rise to an "extraordinary" circumstances that justifies the application of equitable tolling. See Mondy, 845 F.2d at 1057. Accordingly, the Court concludes that it must dismiss the plaintiff's Title VII and ADEA claims because they are untimely.

## C.       Section 1981 Claims

Counts I, II, and V, which allege discrimination on the bases of race, color, and retaliation, respectively, although not timely under Title VII, are timely under § 1981. Section 1981, which prohibits racial discrimination, also prohibits retaliation. See CBOCS West, Inc. v. Humphries, 553 U.S. 442, 457 (2008) (finding that § 1981's overlap with Title VII protections is permissible and "consequently hold[ing] that 42 U.S.C. § 1981 encompasses claims of retaliation"). Although § 1981 does not contain an explicit statute of limitations period, see generally 42 U.S.C. § 1981, "in the District of Columbia, the applicable statute of limitations period is three years . . . [where the] claims challenge [the plaintiff's] non-selection for various positions," Kargbo v. Nat'l R.R. Passenger Corp., __F. Supp. 3d __, __, 2017 WL 1047241, at *3 (D.D.C. March 17, 2017) (Walton, J.) (citing D.C. Code § 12-301(8) (2009) (establishing the catch-all statute of limitations period as three years)). Because the Bureau's hiring announcements originated from its District of Columbia ("District") office, see Compl., Ex. 2

(memorandum dated Sept. 11, 2013) at 1; <u>id.</u>, Ex. 4 (memorandum dated Nov. 19, 2013) at 1; <u>id.</u>, Ex. 6 (memorandum dated Nov. 22, 2013) at 1, the District's three-year statute of limitations period applies to the plaintiff's § 1981 claims.

Section 1981 does not require exhaustion of administrative remedies, <u>see generally</u> 42 U.S.C. § 1981, and the three-year statute of limitations period begins to run on the date of each non-selection, <u>see</u> <u>Kargbo</u>, __ F. Supp. 3d at __, 2017 WL 1047241, at *3. Thus, because the plaintiff filed her Complaint on July 18, 2016, <u>see</u> Compl. at 1, each instance of alleged discriminatory non-selection must have occurred on or after July 18, 2013, to be actionable. And all of the non-selections at issue occurred between September 2013 and January 2014. <u>See</u> <u>id.</u>, Ex. 2 (memorandum dated Sept. 11, 2013) at 1 (awarding Dallas position to DeOndra Wheeler); <u>id.</u>, Ex. 6 (memorandum dated Nov. 22, 2013) at 1 (awarding Fort Worth position to Sherry Perales); <u>id.</u>, Ex. 4 (memorandum dated Nov. 19, 2013) at 1 (listing the non-selection date for the Washington, D.C. position as Oct. 2013); <u>id.</u>, Ex. 1 (Affidavit of Elvenia A. Latson ("Latson Aff.")) at 14 (describing notice of non-selection for the Tampa position on Dec. 4, 2013); <u>id.</u>, Ex. 1 (Latson Aff.) at 18 (describing two notices of non-selection for participation in Industry Operations Interviews on Jan. 17, 2014, and Jan. 21, 2014). Therefore, Counts I, II, and V are timely filed pursuant to § 1981.

## IV.   CONCLUSION

For the foregoing reasons, the Court concludes that it must dismiss with prejudice in their entirety Counts III and IV of the plaintiff's Complaint, which allege discrimination on the bases of gender and age, because the plaintiff failed to file her Complaint within the ninety-day statute of limitations period applicable to Title VII and ADEA claims, and equitable tolling cannot be applied to save these claims because the plaintiff has not raised, nor can the Court discern, any

equitable reason to toll the statute of limitations. For the same reasons, the Court must dismiss with prejudice the components of Counts I, II, and V alleging violations of Title VII. The components of Counts I, II, and V that allege violations of § 1981, on the other hand, were timely filed because each alleged incident of discrimination or retaliation occurred within the three-year statute of limitations period. Therefore, the defendant's motion to dismiss is granted with respect to the plaintiff's Title VII and ADEA claims, and denied with respect to plaintiff's § 1981 claims in Counts I, II, and V.

**SO ORDERED** this 23rd day of June, 2017.[5]


REGGIE B. WALTON
United States District Judge

---

[5] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.